824 A.2d 298

COMMONWEALTH of Pennsylvania, Respondent

v.

James Allen MILLER, Petitioner.

Supreme Court of Pennsylvania.

May 23, 2003.

### *ORDER*

PER CURIAM.

**AND NOW,** this 23rd day of May 2003, the Petition for Allowance of Appeal is GRANTED. The initial order granting petitioner leave to appeal *nunc pro tunc* granted him 60 days to file that appeal. *See* Order dated 12/21/99 (filed 11/14/01). As the appeal was filed within that 60 day period, the Superior Court's quashal order is VACATED and the appeal is REMANDED for consideration on the merits.

Justice SAYLOR files a concurring statement.

Justice SAYLOR concurring.

I respectfully disagree with the implication that a PCRA court has the authority to extend a sixty-day period for the filing of a *nunc pro tunc* appeal. Given the jurisdictional underpinnings of the statutory thirty-day period allowed for appeal of a judgment of sentence, *see* Pa.R.A.P. 903(a); 42 Pa.C.S. § 5571(b), I would hold that a post-conviction court has no more authority to extend such period than does the trial court in the first instance. *See generally* Pa.R.A.P. 105(b); *State Farm Mut. Auto. Ins. Co. v. Schultz,* 281 Pa.Super. 212, 215, 421 A.2d 1224, 1225 (1980) ("Neither the lower court nor this court may enlarge the time for the filing of" a notice of appeal).

That said, and although the PCRA court's original order was dated December 21, 1999, it was not entered onto the docket until November 14, 2001. In light of these circumstances, I would hold that Petitioner's December 14 appeal was timely. *See Commonwealth v. Jerman,* 762 A.2d 366, 368 (Pa.Super.2000) ("In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket"); *see*

*also Commonwealth v. Parks,* 768 A.2d 1168, 1171 (Pa.Super.2001) (same); *Commonwealth v. Gordon,* 438 Pa.Super. 166, 173, 652 A.2d 317, 320 (1994) (holding that the date of entry of the order and notification of counsel serves as the date of entry for a previously issued order), *aff'd,* 543 Pa. 513, 673 A.2d 866 (1996); Pa.R.Crim.P. 114 (requiring the clerk of the court to immediately docket an order and to note on the docket that a copy of the order has been furnished to the parties); Pa.R.A.P. 108(a) (specifying that the date of entry of an order shall be the day the clerk of the court mails or delivers a copy of the order to the parties); Pa.R.A.P. 301(a), (c).