J. S23038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :     IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
v. :
:
WEIWU ZHAO, :       No. 2862 EDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered December 18, 2017,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0000665-2016

BEFORE: NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         Filed: July 23, 2020

Weiwu Zhao appeals from the December 18, 2017 judgment of sentence entered in the Court of Common Pleas of Northampton County following his conviction in a jury trial of sexual abuse of children (dissemination of photographs, videotapes, computer depictions and films depicting a child under the age of 18 years engaging in prohibited sexual act); sexual abuse of children (child pornography); criminal use of communication facility; and obscene and other sexual materials and performances (selling, lending, distributing, transmitting, exhibiting, giving away or showing any obscene materials to a person 18 years of age or older).[1] The trial court imposed an aggregate sentence of 48 to 180 months of imprisonment. We affirm.

---

[1] 18 Pa.C.S.A. §§ 6312(c), 6312(d), 7512(a), and 5903(a)(2), respectively.

The facts giving rise to appellant's convictions are not germane to this appeal. Suffice it to say that appellant was found to have possessed 14 videos on his computer that depicted girls under the age of 13 being sexually assaulted by adult males, including forcible rape and penetration with foreign objects.

Following imposition of sentence, appellant filed a timely post-sentence motion, which the trial court denied. Appellant then filed a notice of appeal, which this court docketed at No. 1679 EDA 2018. On March 4, 2019, this court dismissed appellant's appeal for failure to file a brief. Thereafter, the trial court granted appellant PCRA[2] relief and reinstated his direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal.[3] The trial court ordered appellant to file a concise statement of errors complained of on appeal

---

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

[3] We note that the trial court permitted appellant to file a direct appeal *nunc pro tunc* within 60 days of its order granting PCRA relief. (Order of court, 8/14/19.) The note to Pennsylvania Rule of Criminal Procedure 720(A)(2) provides that a PCRA petitioner who is granted leave to appeal *nunc pro tunc* must comply with the 30-day appeal period provided in Rule 720(A). Appellant filed his notice of appeal on September 27, 2019, which was outside of the 30-day appeal period set forth in Rule 720(A), but within the 60-day appeal period set forth in the trial court's order. In accordance with our supreme court's *per curiam* order in *Commonwealth v. Miller*, 824 A.2d 298 (Pa. 2003), we will not quash this appeal because appellant filed his notice of appeal within the 60-day period allotted in the trial court's August 14, 2019 order. *See id.* (vacating superior court's quashal order for violation of Rule 720(A) where PCRA court afforded petitioner 60 days to file appeal). The Miller *per curiam* order provided no rationale for permitting the PCRA court to provide 60 days for the filing of a direct appeal *nunc pro tunc*. Presumably, the court granted relief based on a breakdown in the operation of the PCRA court by providing an improper appeal instruction.

pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed a Rule 1925(a) statement wherein it relied on the opinion it filed when it denied appellant's post-trial motions.

Appellant raises the following issues for our review:

[1.] [Whether t]he trial court erred in holding that [a]ppellant forfeited his right to counsel at trial[?]

[2.] [Whether t]he trial court erred in holding that [a]ppellant waived his right to counsel at trial[?]

3. Because [a]ppellant was not represented by counsel, [whether a]ppellant's failure to make objections and raise legal issues at trial did not waive his right to raise these issues on appeal and to seek remand[?]

Appellant's brief at 10.[4]

Appellant's issues involve his constitutional right to counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. Where an issue involves a constitutional right, it is a question of law. *Commonwealth v. Baldwin*, 58 A.3d 754, 762 (Pa. 2012). As with all questions of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Appellant first complains that the trial court erred in finding that appellant forfeited his right to counsel.

---

[4] We have reordered appellant's issues for ease of disposition.

In ***Commonwealth v. Lucarelli***, 971 A.2d 1173 (Pa. 2009), our supreme court made a clear distinction between waiver of counsel and forfeiture of counsel. Waiver occurs when the defendant knowingly and voluntarily relinquishes his right to counsel while forfeiture results when a defendant's conduct is abusive, threatening, or extremely dilatory. ***Id.*** at 1179-1180. Where forfeiture is found, Pennsylvania Rule of Criminal Procedure 121 and its colloquy requirements for waiver of counsel do not apply. ***Id.*** at 1179.

The facts of ***Lucarelli*** are instructive. There, the defendant had the financial means to retain private counsel, fired several lawyers that he had hired, was afforded over eight months to prepare for trial, and then appeared at trial without an attorney or an explanation as to why counsel was not present. ***Id.*** at 1180. On discretionary review, our supreme court flatly rejected Luccarelli's claim that the Commonwealth was required to demonstrate that he "'knowingly and intelligently' engaged in conduct that had the inevitable effect of impairing his constitutional right to counsel." ***Id.*** at 1179. Rather, our supreme court held that "where a defendant's course of conduct demonstrates his or her intention not to seek representation by private counsel, despite having the opportunity and financial wherewithal to do so, a determination that the defendant be required to proceed ***pro se*** is mandated because that defendant has forfeited the right to counsel" and Rule 121 and its colloquy requirements do not apply. ***Id.*** at 1179.

Here, the record reflects that appellant was arraigned on April 28, 2016. On the same date, Hala Tahan Khouly, Esq., filed an entry of appearance on appellant's behalf. Although the record is unclear as to the circumstances of Attorney Khouly's withdrawal from representation, it reflects that Attorney Khouly was the first of three lawyers that appellant had privately retained and then fired. (Notes of testimony, 9/15/17 at 7, 9; *see also* notes of testimony, 10/20/17 at 11.)

The second attorney to enter an appearance on appellant's behalf was Kevin Santos, Esq., who did so on May 6, 2016. At that point, appellant's trial had been scheduled to begin on July 5, 2016. In order to accommodate appellant's computer expert, and at appellant's request, the trial court thereafter granted two continuances.

On March 3, 2017, the trial court held a hearing on Attorney Santos's motion to withdraw because appellant requested that he withdraw. At this juncture, we note that the record reflects that at all of the proceedings that were stenographically recorded and included in the certified record before us, Aixue Wang, an interpreter, was present to translate as needed by appellant.

At the hearing, the following colloquy took place:

> THE COURT: All right. [Appellant], you don't want Mr. Santos to represent you anymore?
>
> [APPELLANT]: Yes.
>
> THE COURT: Okay. Is it your intention to hire new counsel, sir?

[APPELLANT]:  Yes.

THE COURT:  Do you know who you're going to hire?

[APPELLANT]:  I still haven't found one now [sic].

Notes of testimony, 3/3/17 at 2.

THE COURT:  Well, [appellant], you have the right to have a lawyer of your own choice.  If you don't want Mr. Santos, that's fine with me.  But I'm going to be very clear with you, sir.  I postponed your case several times at your request as a result of motions that you have filed and your attorney, Mr. Santos, asked for additional time as a result of some of those requests and you got it.

I'm not postponing this trial again.  It's been postponed.  Your trial is June 5th.  And that is happening.  So you have the right to counsel.  You can hire new counsel if you wish.  If you cannot afford counsel, you can apply for a public defender.  If you meet their criteria, a lawyer will be appointed to represent you free of charge but it's your responsibility to do those things.  And you should do these things in short order because I'm not delaying your trial again.

And I can't act on any motions that you have filed until you are represented.  Or the other option that you have you can represent yourself, which is not a smart thing to do, but it's your right to do if you want to.

So if you don't want Mr. Santos to represent you, that's fine.  I'm going to let him out of the case.  But I'm going to schedule a conference in ten days and I want to know in ten days if you're representing yourself, if you have a public defender, or if you have a lawyer.  Do you understand?

[APPELLANT]:  I understand.

*Id.* at 4-5.

On April 19, 2017, Robert Marc Gamburg, Esq., entered his appearance on appellant's behalf. Although the reason is unclear from the record before us, it does indicate that at that point, trial was rescheduled to begin on July 31, 2017. On June 30, 2017, a pre-trial conference was held. At the Commonwealth's request, the case was continued until October 30, 2017. The trial court then scheduled appellant's omnibus pre-trial motions to be heard on September 15, 2017.

On the date set for omnibus pre-trial motions, the trial court also heard Attorney Gamburg's motion to withdraw. At the hearing, Attorney Gamburg explained that appellant filed a ***pro se*** motion[5] and that he "received an e-mail from [appellant] and his family instructing [him] to move to withdraw as counsel." (Notes of testimony, 9/15/17 at 2-3.) The record reflects that when the trial court repeatedly asked appellant if he wanted Attorney Gamburg to represent him, appellant would not answer the question. (***Id.*** at 3-8.) The following took place:

> THE COURT: Okay. Stop. [Appellant is] arguing some of his omnibus pretrial motions now. Before we get to that, I need to know if [appellant] still wants Mr. Gamburg to represent him. Tell him to calm down and stop yelling.
>
> [APPELLANT:] I don't need him to represent me.

***Id.*** at 8.

---

[5] The record reflects that appellant filed several ***pro se*** motions while he was represented by counsel.

The trial court then permitted Attorney Gamburg to withdraw, and the following then took place:

> THE COURT: Is it your intention to hire new counsel or to act as your own lawyer?
>
> [APPELLANT]: I myself am not a lawyer. And I have no right to apply to deliver myself and apply for myself to the qualifications of a lawyer. Even if that were true, I'll still consider to have a lawyer. But in view of the fact that in the past all the three lawyers I hired to present [sic] me, so I would be very cautious for me to hire another lawyer.

*Id.* at 9.

The trial court then rescheduled the hearing on omnibus pretrial motions to be heard on September 27, 2017. On September 25, 2017, the trial court appointed Alex Karam, Esq., as stand-by counsel for appellant. At the September 27, 2017 hearing, appellant appeared without legal counsel. Attorney Karam, however, appeared as appointed stand-by counsel. At the hearing, the trial court noted that appellant had subpoenaed Northampton County President Judge Stephen Baratta to appear and testify. (Notes of testimony, 9/27/17 at 3.) Appellant was then provided with a copy of Judge Baratta's order quashing the subpoena. (*Id.* at 3-4.) Thereafter, appellant was provided with a waiver of counsel form. (*Id.* at 4.) Appellant stated that he was unable to read the form. (*Id.*) The trial court afforded Mr. Wang, the interpreter, time to read the form to appellant and to make sure that appellant understood the form. (*Id.* at 4, 7.) The trial court also explained to appellant that it appointed Attorney Karam as appellant's stand-by counsel, not because

- 8 -

it believed appellant was indigent, but because of the seriousness of the charges. (*Id.* at 5-6.) Appellant acknowledged that he understood Attorney Karam's role. (*Id.* at 6.)

With respect to the waiver of counsel form, the following took place:

> THE COURT: . . . Sir, did I give you an unlimited amount of time to read the form to [appellant]?
>
> THE INTERPRETER: Yes.
>
> THE COURT: You read the form to him in its entirety; correct, sir?
>
> THE INTERPRETER: Yes, I did.
>
> THE COURT: I would first like to discuss the contents of the form, then I'll address his question.
>
> [Appellant], that form reiterates discussions I've had with you on the record on two prior occasions about your right to counsel, including most recently a very lengthy and detailed discussion on September 15th when you fired Mr. Gamburg and I discussed with you your right to hire counsel of your choosing at that time and on one prior occasion.
>
> And I discussed with you your right to apply to have a free attorney appointed for you through the Public Defender's Office. And I informed you very carefully that I would not delay today's hearing or your trial if you did not hire counsel.
>
> You can hire a lawyer whenever you want. But I'm not giving any further continuances on anything because there have been too many. I have appointed Mr. Karam to be of assistance to you out of courtesy to protect your rights.
>
> The form that the interpreter just read to you reduces everything that we have previously discussed to

writing and further informs you of your rights. Do you understand?

[APPELLANT]: I understand.

THE COURT: Will you sign the form?

[APPELLLANT]: I'll not sign right away.

THE COURT: Okay. Then give me the form. Mr. Karam, bring it up to me, please. I'm admitting it as Court 1. He can continue.

[APPELLANT]: I don't need the help of an attorney right now based on the amendment six of our constitution. I'll pronounce my desire to hire an attorney.

THE COURT: Is that it?

[APPELANT]: Yes.

THE COURT: Okay. The waiver of counsel form is admitted as Court 1. Let the record reflect that it has been read to [appellant] by the interpreter with an unlimited amount of time provided by the Court for that to take place. [Appellant] has refused to sign it. Okay.

*Id.* at 7-9. The omnibus pre-trial motions hearing then proceeded. At its conclusion, the trial court again cautioned appellant

that he does not have a clue what he is doing with respect to representing himself. And while he has the right to represent himself here in court now and at the time of trial, he has that right, [it is the trial court's] personal belief if he chooses to represent himself at trial it will be a disaster. But [the trial court has] discussed that with him several times and he can do whatever he wants.

But [the trial court is] going to hold him to the standard of an attorney and he is only going to be

- 10 -

> permitted to ask legally appropriate questions and he will follow [the trial court's] instructions. Does he understand?
>
> [APPELLANT]: I understand.
>
> THE COURT: He has the option of using Mr. Karam as his lawyer if he wants to. He can confer with Mr. Karam at any time or he can go hire someone. But I don't think he should do it himself. Okay?
>
> [APPELLANT]: I heard that.

*Id.* at 61-62.

On October 20, 2017, the trial court held a pretrial hearing at which time it

> emphasize[d] again to [appellant], as [it had] discussed with him many times previously and [as it cannot] stress it enough, he should hire counsel. And if he cannot afford counsel, he should apply to the Public Defender's Office.
>
> Because he does not know what he's doing. And he's going to do himself an incredible disservice in this matter by acting as his own lawyer.
>
> And he's going to cause prejudice to himself from a legal standpoint, but I discussed that with him at least four other times. And he's fired three lawyers.

Notes of testimony, 10/20/17 at 11.

At the beginning of trial on October 30, 2017, appellant appeared without counsel and requested a continuance, which the trial court denied. (Notes of testimony, 10/30/17 at 2.) The trial court explained that if appellant wanted a lawyer, Attorney Karam was ready to represent him. (*Id.*) The trial court also explained to appellant that he had two choices: to represent himself

- 11 -

or have Attorney Karam represent him. The record reflects that appellant responded, while seated in a chair with his back facing the trial court, as follows: "I cannot represent myself, nor would I like Mr. Karam to represent me." (*Id.* at 3-4.)

The record is clear that appellant's course of conduct demonstrated his intention to not seek representation by private counsel. Appellant had the financial means to privately retain three lawyers, all of whom he fired. Appellant was afforded several continuances and had approximately 18 months to prepare for trial. When he appeared at trial, appellant arrived without counsel and requested another continuance. Although appellant forfeited his right to counsel, requiring him to proceed *pro se* and abrogating the need for a Rule 121 colloquy, the trial court made sure that stand-by counsel was available to appellant. Appellant's complaint that the trial court erred in determining that appellant forfeited his right to counsel lacks merit.

In light of our disposition on this issue, we need not address appellant's second issue.

In his final issue, appellant claims that because he was not represented by counsel, his failure to preserve appellate issues in the trial court should be excused. Appellant requests a remand so he can raise numerous issues with the trial court. In support, appellant relies on *Commonwealth v. Monica*, 597 A.2d 600, 603 (Pa. 1991), wherein our supreme court recognized the "general rule [that] failure to raise an issue in a criminal proceeding does not

- 12 -

constitute waiver where the defendant is not represented by counsel in the proceeding." (Appellant's brief at 17, n.8); ***see also Monica***, 597 A.2d at 603. Appellant, however, ignores that part of ***Monica*** that held that the general rule does not apply when a defendant waives his right to counsel. ***Id.***; ***see also Commonwealth v. Johnson***, 158 A.3d 117, 121 (Pa.Super. 2017). Certainly, then, the general rule does not apply where, as here, a defendant forfeits his right to counsel and is required to proceed ***pro se***.

With respect to ***pro se*** litigants, we note that it is well settled that while a ***pro se*** litigant is granted the same rights, privileges, and considerations as those accorded a party represented by counsel, ***pro se*** status does not entitle the litigant to any particular advantage because he or she lacks legal training. ***See Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa.Super. 1996). Accordingly, "a ***pro se*** litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003) (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/20